# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACOBY MAIZE | CIVIL ACTION |
| VERSUS | NO. 16-15364 |
| SUE ELLEN MONFRA, et al. | SECTION "G"(4) |

## ORDER

Before the Court are Plaintiff Jacoby Maize's ("Plaintiff") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Plaintiff, a state prisoner housed in the Louisiana State Penitentiary, filed a complaint pursuant to 42 U.S.C. § 1983 against Sue Ellen Monfra ("Monfra") and Sherriff Newell Norman ("Norman"), challenging the conditions of his confinement while he was housed in the Jefferson Parish Correctional Center.[2] The Magistrate Judge issued a Report and Recommendation, recommending that the Court dismiss Plaintiff's claims with prejudice as frivolous.[3] On November 28, 2016, Plaintiff filed objections to the Report and Recommendation.[4] After reviewing the complaint, the Magistrate Judge's Report and Recommendation, Plaintiff's objections, the record, and the applicable law, for the following reasons, the Court will overrule Plaintiff's objections, adopt the Report and Recommendation, and dismiss Plaintiff's claims with prejudice.

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 1.

[3] Rec. Doc. 5 at 8.

[4] Rec. Doc. 8.

## I. Background

*A.    Factual and Procedural Background[5]*

On October 5, 2016, Plaintiff filed a complaint against Monfra, Deputy Chief and Correctional Administrator of the Jefferson Parish Correctional Center, and Jefferson Parish Sherriff Newell Norman challenging the conditions of his confinement while he was housed in the Jefferson Parish Correctional Center.[6] In his complaint, Plaintiff alleges that he was formerly housed at Claiborne Correctional Center as a Department of Corrections inmate serving a ten year sentence for possession of contraband.[7] Plaintiff was transferred to the Jefferson Parish Correctional Center on or about June 25, 2015, while awaiting a trial in the 24th Judicial District Court.[8] Plaintiff alleges that while he was housed in the Jefferson Parish Correctional Center he received a sentence of six month for contempt of court, with a release date of July 7, 2016.[9] Plaintiff asserts that it was his understanding that after serving that six month sentence he would be returned to the Claiborne Correctional Center to serve the remainder of his ten year sentence.[10] However, during that time, Plaintiff states that he was found guilty of second degree murder and aggravated arson, receiving a life sentence.[11]

Plaintiff alleges that he spoke directly with Chief Sue Ellen Monfra of the Jefferson

---

[5] The following background derives from Plaintiff's complaint, and the Court will consider his allegations as true for the purpose of considering Plaintiff's objections.

[6] Rec. Doc. 1.

[7] *Id.* at 7.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

Parish Correctional Center and requested to be sent back to Claiborne Correctional Center after his contempt sentence ended.[12] Plaintiff asserts that Monfra denied his request, stating that he could not go back to Claiborne Correctional Center because of the civil complaints Plaintiff had filed.[13] Plaintiff further alleges that Monfra told him that he would be lucky if she did not send him to Hunt Correctional Center.[14] Plaintiff contends that he informed Monfra that his personal property, legal mail, and documents were all located at Claiborne Correctional Center.[15] Plaintiff alleges that Monfra stated that he would be sent to Angola to serve his life sentence and that Plaintiff should try to "get your property the best way you can."[16] Thereafter, Plaintiff asserts that he was transferred to Hunt Correctional Center without his property as a reprisal for filing civil complaints against Monfra in the past.[17] Plaintiff states that he has lost 278 photographs, legal mail, educational material, and personal belongings, including his wedding ring, watch, and religious medallion.[18] Plaintiff seeks $150,000 in damages for lost family heirlooms, $8,500 for lost personal property, and $50,000 for mental anguish.[19]

### B. *Report and Recommendation Findings*

On November 7, 2016, the Magistrate Judge issued a Report and Recommendation recommending that the Court dismiss Plaintiff's claims as frivolous and for failure to state a

---

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.* at 8.

[19] *Id.*

claim upon which relief can be granted pursuant to 28 U.S.C. § 1915, 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e.[20] The Magistrate Judge noted that a supervisory official cannot be held liable pursuant to Section 1983 under a theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights.[21] Moreover, a state actor may only be held liable under Section 1983 if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."[22] Because Plaintiff did not allege that Norman was personally involved in the acts about which Plaintiff complains, the Magistrate Judge recommends that the claims against Norman be dismissed.[23]

Turning to Plaintiff's claims against Monfra, the Magistrate Judge noted that to prevail on a retaliation claim an inmate must show that, "but for the retaliatory motive[,] the complained of incident . . . would not have occurred."[24] The Magistrate Judge stated that an inmate must point to a specific constitutional right that was violated as a direct result of the retaliatory action,[25] and "mere conclusory allegations of retaliation" or a prisoner's own beliefs are insufficient to establish retaliation.[26] The Magistrate Judge noted that under Louisiana law the Director of Corrections, not Monfra, would have the authority to transfer Plaintiff to a

---

[20] Rec. Doc. 5 at 8.

[21] *Id.* at 3 (citing *Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979)).

[22] *Id.* at 3–4 (quoting *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981)).

[23] *Id.* at 4.

[24] *Id.* at 4–5 (quoting *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)).

[25] *Id.* at 5 (citing *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996)).

[26] *Id.* (citing *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999)).

4

Department of Corrections facility from the parish jail.[27] Therefore, the Magistrate Judge determined that Plaintiff could not show that the transfer was retaliatory or would not have occurred but for a retaliatory motive because Monfra had no authority to transfer Plaintiff or determine the facility to which Plaintiff would be transferred.[28]

The Magistrate Judge also found that Plaintiff failed to establish a violation of his First Amendment right of access to the court because he was fully capable of submitting materials necessary to prosecute his case and make his claim.[29] Moreover, even if Plaintiff did allege that his transfer impaired his position as a litigant, the Magistrate Judge determined that Plaintiff could not show that any action taken by Monfra resulted in that impairment.[30] Additionally, the Magistrate Judge noted that Plaintiff had no constitutional right to decide what facility he would be transferred to.[31]

Finally, the Magistrate Judge addressed Plaintiff's claim that Monfra violated his constitutional rights in the loss of his personal property.[32] The Magistrate Judge noted that "[t]he deprivation or loss of an inmate's money or property, whether negligent or intentional, is barred from review under § 1983 where an adequate state post-deprivation remedy exists."[33] Because Louisiana tort laws provide an adequate remedy for both intentional and negligent deprivations

---

[27] *Id.* at 6 (citing La. Rev. Stat. Ann. § 15:824; *Washington v. Gusman*, No. 09-6058, 2011 WL 820464, at *5 (E.D. La. Feb. 14, 2011); *State v. Sylvester*, 648 So.2d 31, 33 (La. App. 4 Cir. 1994)).

[28] *Id.*

[29] *Id.*

[30] *Id.* at 7.

[31] *Id.* (citing *Washington v. Gusman*, No. 09-6058, 2011 WL 820464, at *4 (E.D. La. Feb. 14, 2011)).

[32] *Id.*

[33] *Id.* at 8 (quoting *Patin v. LeBlanc*, No. 11-3071, 2012 WL 3109402, at *9 (E.D. La. May 18, 2012) (citing *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995))).

of property, the Magistrate Judge found that Plaintiff's claim that Monfra violated his constitutional rights in the loss of his personal property was frivolous.[34]

### C. *Plaintiff's Objections*

Plaintiff objects to the Magistrate Judge's recommendation.[35] Plaintiff avers that his First Amendment right to be free from reprisals for petitioning the Government was violated.[36] He contends that "[t]here is a practice between municipalities and detention centers throughout Louisiana . . . where [] they transfer pretrial detainees to different detention centers throughout the state."[37] He contends that he was placed on the inmate count at Claiborne Correctional Center, although he is currently being housed in Angola, because of this practice.[38] He argues that Monfra should have transferred him back to Claiborne Correctional Center, but instead placed him on an emergency transfer to Hunt Correctional Center.[39] He contends that this transfer was not governed by Louisiana Revised Statute § 15.824, but instead by the statute supporting transfers on court orders and writs.[40]

Plaintiff asserts that Norman is liable because there is a practice and/or policy in place, which provided Monfra with an avenue to retaliate against Plaintiff.[41] Plaintiff argues that there are several writs of transfer which show that he should have been allowed to return to Claiborne

---

[34] *Id.*

[35] Rec. Doc. 8.

[36] *Id.* at 1.

[37] *Id.* at 2.

[38] *Id.*

[39] *Id.*

[40] *Id.* at 3.

[41] *Id.*

6

Correctional Center.[42] He contends that the warden of Claiborne Correctional Center would testify that Plaintiff is still on the inmate count there.[43] He asserts that there "is a record of civil action in the Eastern District Court which establishes Plaintiff's concerns as well as Defendant's motivation in retaliatory transfer as a means to harm Plaintiff for past civil action."[44] Accordingly, Plaintiff requests that the Court overrule the Magistrate Judge's Report and Recommendation.[45]

## II. Standard of Review

### A. *Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[46] A district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[47] A district court's review is limited to plain error for parts of the report which are not properly objected to.[48]

### B. *Standard for Frivolousness*

A district court has broad discretion in determining the frivolous nature of a prisoner's

---

[42] *Id.*

[43] *Id.* at 4.

[44] *Id.*

[45] *Id.*

[46] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[47] Fed. R. Civ. P. 72(b)(3).

[48] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

7

complaint.[49] A complaint is frivolous if it lacks an arguable basis in law or fact.[50] The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"[51] A claim has no arguable basis in law if "it is based on indisputable meritless legal theory."[52] It lacks a basis in fact if "the facts alleged are clearly baseless."[53] If a court finds that a prisoner's claims are frivolous, the court must dismiss the claims *sua sponte*.[54]

### III. Law and Analysis

#### A. *Claims Against Sherriff Newell Norman*

The Magistrate Judge found that Plaintiff's claims against Norman should be dismissed because Plaintiff did not allege that Norman was personally involved in the acts about which Plaintiff complains.[55] Plaintiff objects to this determination, arguing that Norman should be held liable because there is a practice and/or policy in place which provided Monfra with an avenue to retaliate against Plaintiff.[56]

---

[49] *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

[50] *Id.*

[51] *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[52] *Talib*, 138 F.3d at 213.

[53] *Id.*

[54] *See* 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c).

[55] Rec. Doc. 5 at 4.

[56] Rec. Doc. 8 at 3.

8

"Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."[57] The Fifth Circuit has held that "vicarious liability cannot be the basis for recovery against a sheriff for the acts of his subordinates in a suit under [] 42 U.S.C. § 1983 . . . [unless] there is *personal involvement* of the [supervisory] officer being sued."[58] The Fifth Circuit has construed personal involvement to include omissions and breaches of duty, where such omissions or breaches of duty proximately cause a plaintiff's injuries.[59] Therefore, "[s]upervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."[60]

Plaintiff does not alleged that Norman was present for or personally involved in the incident giving rise to Plaintiff's claims.[61] Plaintiff asserts that Norman should be held liable because there is a practice and/or policy in place which provided Monfra with an avenue to retaliate against Plaintiff.[62] Specifically, Plaintiff alleges that "[t]here is a practice between municipalities and detention centers throughout Louisiana . . . where [] they transfer pretrial detainees to different detention centers throughout the state."[63] He contends that this transfer was

---

[57] *See Thompson v. Upshur County, TX*, 245 F.3d 447, 459 (5th Cir. 2001) (quoting *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir.1987)).

[58] *Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120, 123 (5th Cir. 1980) (citing *Baskin v. Parker*, 602 F.2d 1205 (5th Cir. 1979)) (emphasis added).

[59] *See e.g., Hinshaw v. Doffer*, 785 F.2d 1260 (5th Cir. 1986) ("Although supervisory officials cannot be held [vicariously liable], they may be liable when their own actions or inaction, including a failure to supervise that amounts to gross negligence or deliberate indifference, is a proximate cause of the constitutional violation.").

[60] *Thompkins*, 828 F.2d at 303.

[61] *See Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

[62] Rec. Doc. 8 at 3.

[63] *Id.* at 2.

performed pursuant to the statute supporting transfers on court orders and writs.[64]

However, based upon Plaintiff's own allegations, the statute supporting transfers of pretrial detainees on court orders and writs would not apply to his case. Plaintiff admits that during the time he was housed in the Jefferson Parish Correctional Center he was found guilty of second degree murder and aggravated arson, receiving a life sentence.[65] Louisiana law provides that the sentences for second degree murder and aggravated arson shall be served at hard labor.[66] A defendant sentenced to hard labor in Louisiana is "committed" to the custody of the Department of Corrections ("DOC").[67] Once in the custody of the DOC, "the physical placement of prisoners [is] within the jurisdiction of the DOC alone."[68] Plaintiff asserts that there was a policy or practice in place regarding transfer of pretrial detainees to different detention centers, but Plaintiff admits that he was not a pretrial detainee when he was transferred to Hunt Correctional Center and then Angola. Therefore, Plaintiff had been committed to the custody of the DOC and any policy or practice regarding transfer of pretrial detainees would not apply to him. Accordingly, on *de novo* review, the Court adopts the Magistrate Judge's recommendation that Plaintiff's claims against Norman be dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e.

---

[64] *Id.* at 3.

[65] Rec. Doc. 1 at 7.

[66] *See* La. Rev. Stat. Ann. § 14:51 ("Whoever commits the crime of aggravated arson shall be imprisoned at hard labor for not less than six nor more than twenty years. . . ."). *See also* La. Rev. Stat. Ann. § 14:30.1 ("Whoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.").

[67] La. Rev. Stat. Ann. § 15:824(C); *State v. Blue*, 315 So.2d 281, 282 (La. 1975).

[68] *State v. Anderson*, 13-809 (La. App. 3 Cir. 10/15/14) (quoting *State v. Sylvester*, 94–2343, p. 5 (La. App.

### B. Claims Against Sue Ellen Monfra

The Magistrate Judge found that Plaintiff's claims against Monfra should also be dismissed as frivolous and for failing to state a claim upon which relief may be granted.[69] First, the Magistrate determined that Plaintiff could not show that the transfer was retaliatory or would not have occurred but for a retaliatory motive because the Director of Corrections, not Monfra, had the authority to transfer Plaintiff or determine the facility to which Plaintiff would be transferred.[70] Second, the Magistrate Judge determined that Plaintiff failed to establish a violation of his First Amendment right of access to the Court because he was fully capable of submitting materials necessary to prosecute his case and make his claim.[71] Moreover, even if Plaintiff did allege that his transfer impaired his position as a litigant, the Magistrate Judge determined that Plaintiff could not show that any action taken by Monfra resulted in that impairment.[72] Plaintiff objects to these determinations.[73] Specifically, Plaintiff asserts that Monfra retaliated against him by refusing to transfer him back to Claiborne Correctional Center.[74] Plaintiff also avers that his First Amendment right to be free from reprisals for petitioning the Government was violated.[75]

To prevail a retaliation claim under Section 1983, a prisoner plaintiff must allege: "(1) a

---

4 Cir. 12/15/94), 648 So.2d 31, 33).

[69] Rec. Doc. 5 at 4–8.

[70] *Id.* at 6.

[71] *Id.*

[72] *Id.* at 7.

[73] Rec. Doc. 8.

[74] *Id.* at 2.

[75] *Id.* at 1.

11

specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation."[76] Accordingly, a plaintiff must show that "but for the retaliatory motive the complained of incident . . . would not have occurred."[77] Plaintiff asserts that Monfra retaliated against him by refusing to transfer him back to Claiborne Correctional Center. However, as discussed above, Plaintiff admits that he was not a pretrial detainee when he was transferred to Hunt Correctional Center and then Angola. Therefore, Plaintiff was not a pretrial detainee at the time of the transfer, and he would have been subject to transfer to a Department of Corrections facility at the discretion of the Director of Corrections and not Monfra, the Deputy Chief and Correctional Administrator of the Jefferson Parish Correctional Center. Therefore, Plaintiff cannot show that the transfer was retaliatory or would not have occurred but for a retaliatory motive because Monfra had no authority to transfer Plaintiff or determine the facility to which Plaintiff would be transferred. To the extent that Plaintiff argues that his First Amendment right to be free from reprisals for petitioning the Government was violated, he has not shown that any action taken by Monfra resulted in such an impairment. Therefore, on *de novo* review, the Court adopts the Magistrate Judge's recommendation that Plaintiff's claims against Monfra be dismissed with prejudice as frivolous and/or for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e.

C.  ***Portions of the Report and Recommendation Without Objection***

The Magistrate Judge found that Plaintiff's claim that Monfra violated his constitutional

---

[76] *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999) (citing *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998)).

[77] *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995).

rights in the loss of his personal property was frivolous because Louisiana tort laws provide an adequate remedy for both intentional and negligent deprivations of property.[78] Plaintiff does not object to this determination.

The deprivation or loss of an inmate's money or property does not result in a violation of procedural due process and is barred from review under Section 1983 where an adequate state post-deprivation remedy exists.[79] The Fifth Circuit has repeatedly recognized that Louisiana tort laws provide an adequate remedy for both intentional and negligent deprivations of property.[80] Accordingly, reviewing for plain error, and finding none, the Court adopts the Magistrate Judge's determination that Plaintiff's claim that Monfra violated his constitutional rights in the loss of his personal property is frivolous because Louisiana tort laws provide an adequate remedy for both intentional and negligent deprivations of property.

### IV. Conclusion

For the foregoing reasons, the Court adopts the Magistrate Judge's Report and Recommendation. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation issued by the Magistrate Judge;

---

[78] *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995)

[79] *Wilson v. Holt*, 158 F. App'x 546, 546 (5th Cir. 2005); *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995).

[80] *Hutchinson v. Prudhomme*, 79 F. App'x 54, 55 (5th Cir. 2003); *Copsey v. Swearingen*, 36 F.3d 1336, 1342–43 (5th Cir. 1994); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir.1984).

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e.

**NEW ORLEANS, LOUISIANA,** this  2nd   day of June, 2017.

                                                                                             _____
                                                                              **NANNETTE JOLIVETTE BROWN**
                                                                              **UNITED STATES DISTRICT JUDGE**